UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GWENDOLYN ANN WILLIAMS** | * **CIVIL ACTION NO.:** |
| | * |
| **VERSUS** | * |
| | * **JUDGE:** |
| **WAL-MART REAL ESTATE BUSINESS TRUST,** | * |
| **WAL-MART STORES EAST, LP., AND** | * |
| **WAL-MART REALTY COMPANY** | * **MAGISTRATE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendants, Wal-Mart Real Estate Business Trust, Wal-Mart Store East, LP, and Wal-Mart Realty Company, (hereinafter "Defendants"), hereby gives notice and removes this case to the United States District Court for the Middle District of Louisiana.

Defendants respectfully represent the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

1.

Defendants were named in an action commenced in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled "*Gwendolyn Ann Williams versus Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, LP., and Wal-Mart Realty Company*" bearing the case number C-719355, Division 21.[1]

---

[1] Exhibit A, Petition for Damages.

2.

Plaintiff commenced this action by filing this lawsuit in the Parish of East Baton Rouge on May 24, 2022.[2]

3.

This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable as required by 28 U.S.C. § 1446(b).  On September 1, 2022, Defendants received Plaintiff's Responses to First Set of Interrogatories and Requests for Production of Documents.[3]

4.

This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Middle District of Louisiana has subject matter jurisdiction under 28 U.S.C. § 1332.

5.

The parties are completely diverse and the amount in controversy exceeds $75,000.

6.

There is complete diversity when the citizenship of each plaintiff is diverse from the citizenship of each defendant.

7.

Plaintiff, Gwendolyn Ann Williams, is a natural person domiciled in the State of Louisiana.

---

[2] Exhibit A, Petition for Damages.
[3] Exhibit B, Plaintiff's Responses to First Set of Interrogatories and Requests for Production of Documents.

8.

For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state in which its principal place of business is located. *See* 28 U.S.C. 1332(c)(1).

9.

Defendant, Wal-Mart Real Estate Business Trust, is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

10.

Defendant, Wal-Mart Store East, LP, is a Delaware corporation with its principal place of business located in Bentonville, Arkansas.

11.

Defendant, Wal-Mart Realty Company, is an Arkansas corporation with its principal place of business located in Bentonville, Arkansas.

12.

The Fifth Circuit has "...established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000), *citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal. *Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000)*; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages. *See* La. C.C.P. 893. Thus, the defendant

may meet its burden either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold, or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

13.

It was alleged that on December 5, 2021, Gwendolyn Ann Williams went shopping at the Walmart Store #3288 located at 10200 Sullivan Rd., Baton Rouge, LA 70818.[4] When she was walking across the parking lot with a cart loaded with plastic storage containers, Ms. Williams allegedly stepped in a depression in the parking lot formed by cracked and crumbling concrete which caused her to twist her ankle and knee and injure her back.[5] Plaintiff allegedly suffered sustained severe injuries and residual disabilities consisting of, but not limited to, various abrasions and contusions, various muscle strains and sprains, injuries to her ankle, right knee and back, and other injuries to other parts of her body.[6] Plaintiff sought the following damages: medical expenses, lost earnings and loss of earning capacity, physical pain and suffering, mental and emotional pain and suffering, and loss of enjoyment of life, permanent physical disability and disfigurement, expenses, interest, and attorney fees.[7]

14.

It was not facially apparent from the original Petition for Damages that the amount in

---

[4] Exhibit A, Petition for Damages.
[5] Exhibit A, Petition for Damages.
[6] Exhibit A, Petition for Damages.
[7] Exhibit A, Petition for Damages.

controversy exceeded $75,000, exclusive of interest and costs because the allegations of the Petition contained no specific description or details as to the severity or treatment of the injuries.

15.

Plaintiff has failed to include a La. C.C.P. art. 893(1) allegation of the lack of jurisdiction of federal courts due to insufficiency of damages or a general allegation that the claim exceeded or was less than the requisite amount for federal removal as is required by La. C.C.P. art. 893(1).

16.

Although no La. C.C.P. art. 893(1) allegation was included, Defense counsel propounded written discovery upon Plaintiff's counsel. On September 1, 2022, Defendants received Plaintiff's responses to discovery which also included Plaintiff's medical records.[8] In Interrogatories sent to Plaintiff, Plaintiff was asked about amount in controversy in Interrogatory No. 22 which requested a response to whether the amount in dispute exceeded $50,000.00 and $75,000.00. Plaintiff responded that the amount exceeded $50,000 and was unknown if it exceeded $75,000.[9]

17.

Medical bills related to Plaintiff's alleged injuries currently total $10,920.75.[10]

18.

Plaintiff allegedly aggravated herniations at T11-12, L3-4, and L5-S1.[11] She also allegedly aggravated L2-3, C3-C4, C4-5, C5-6, C6-7, and C7-T1 bulges.[12] For these injuries,

---

[8] Exhibit B, Plaintiff's Responses to First Set of Interrogatories and Requests for Production of Documents.
[9] Exhibit B, Plaintiff's Responses to First Set of Interrogatories and Requests for Production of Documents.
[10] Exhibit C, Plaintiff's Medical Bills.
[11] Exhibit D, April 12, 2022 Dr. Broussard Appointment.; Exhibit E, June 6, 2022 Dr. Anseman Appointment; Exhibit F, April 5, 2019 Dr. Bruce Knox MRI of lumbar spine.
[12] Exhibit D, April 12, 2022 Dr. Broussard Appointment.; Exhibit E, June 6, 2022 Dr. Anseman Appointment; Exhibit F, April 5, 2019 Dr. Bruce Knox MRI of lumbar spine.

she had a lumbar epidural steroid injection on May 18, 2022.[13] She also injured her knee in which she had an April 19, 2022 Zilretta injection and three viscoelastic injections on February 16, 2022, February 25, 2022, and March 4, 2022.[14]

19.

Louisiana case law demonstrates that the amount in controversy exceeds $75,000. Potential general damages for three disc herniations exceed the amount in controversy. In *Hebert v. Boesch*, 194 So. 3d 798 (La. App. 1 Cir. 4/24/15), the First Circuit Court of Appeal affirmed an award of $75,000 in general damages for a C6-7 disc bulge with cervical radiculopathy & L4-5 mild bulge. In *Edmond v. Cherokee Ins. Co.*, 170 So. 3d 1029 (La. App. 1 Cir. 4/24/15), the First Circuit Court of Appeal affirmed an award of $200,000 in general damages for an L4-5 disc herniation with a future recommendation of surgery. In *Latulippe v. Braun*, 253 So. 3d 820 (La. App. 5 Cir. 8/10/18), a 24-year-old plaintiff received $200,000 after allegedly suffering one thoracic midline disc herniation and two cervical disc herniations. In *Buckheister v. U.S. Environmental Services*, 97 So. 2d 414 (La. App. 5 Cir. 5/31/12), the plaintiff was awarded $175,000 by the Louisiana Fifth Circuit Court of Appeal after it performed an additur for her claims for three cervical herniations. Courts have held that the lowest reasonable general damage award for a non-surgical herniated disc is $50,000.[15]

20.

Defendants also sent a stipulation of damages less than $75,000 to Plaintiff's counsel on July 26, 2022.[16] Plaintiff has not executed the stipulation.

---

[13] Exhibit G, May 18, 2022, B.R.A.S.S. Surgery Center records.
[14] Exhibit H, February 16, 2022 Dr. Broussard Appointment; Exhibit I, February 25, 2022 Dr. Broussard Appointment; Exhibit J, March 4, 2022 Dr. Broussard Appointment; Exhibit K, April 19, 2022 Dr. Broussard Appointment; Exhibit L, January 10, 2022 Dr. Bruce Knox MRI of Right Knee.
[15] *Sanchez v. Dubuc*, 12-526 (La. App. 5 Cir. 2/21/13) 110 So.3d 1140, 1146.
[16] Exhibit M, Stipulation to Plaintiff.

21.

Based on the foregoing, the amount in controversy exceeds $75,000 exclusive of interest and costs.

22.

Defendants hereby remove this matter to the United States District Court for the Middle District of Louisiana.

23.

The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

24.

Defendants reserve the right to submit additional evidence in support of removal as appropriate in future circumstances and to otherwise supplement this Notice of Removal.

25.

By virtue of this Notice of Removal, Defendants do not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or other applicable law, including contesting jurisdiction and service.

**WHEREFORE,** Defendants, Wal-Mart Real Estate Business Trust, Wal-Mart Store East, LP, and Wal-Mart Realty Company, pray that the above-described civil action now pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from there to the United States District Court for the Middle District of Louisiana and this action thereafter proceed in this Honorable Court. Defendants' undersigned counsel signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/*Valerie Theng Matherne*
**VALERIE THENG MATHERNE (#25898)**
**JAMES M. MATHERNE (#26155)**
**COLIN F. LOZES (#35893)**
**COURINGTON, KIEFER, SOMMERS,**
**MARULLO & MATHERNE, L.L.C.**
P. O. Box 2350
New Orleans, LA 70176
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile: (504) 524-7887
Email: vmatherne@courington-law.com,
jmatherne@courington-law.com,
clozes@courington-law.com
***Attorneys for Defendants, Wal-Mart Real Estate Business Trust, Wal-Mart Store East, LP, and Wal-Mart Realty Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this 29 day of September, 2022, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court by using the CM/ECF system. I also certify that I have forwarded a copy of this filing to counsel via facsimile and certified mail at the following addresses:

**ATTORNEY FOR PLAINTIFF, GWENDOLYN ANN WILLIAMS**

**MICHAEL L HEBERT (#18253)**
**LAW OFFICE OF MICHAEL L. HEBERT, LLC**
**3909 Plaza Tower Drive**
**Baton Rouge, Louisiana 70816-4356**
**Telephone: (225) 612-9444**
**Facsimile: (225) 372-7490**
**Email: attorneyhebert@gmail.com**
            **hebertlaw22@gmail.com**

s/*Valerie Theng Matherne*
**VALERIE THENG MATHERNE (#25898)**